UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TOMMY W. FLANAGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:05-CV-88 |
| ) | *Collier* |
| RONNIE BURNETT, CHRIS ROSS, ) | |
| MICKEY MOLLCIA, WANDA CLEMONS, ) | |
| J. HARVEY CAMERON and DR. BRENDA ) | |
| SOWTER, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

This is a *pro se* civil rights complaint for damages, pursuant to 42 U.S.C. § 1983, filed by a prisoner at the Marion County, Tennessee jail. Plaintiff Tommy W. Flanagan ("Plaintiff") alleges he was denied medical care for a cataract in his left eye and bursitis in his right shoulder, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. It appears from the application to proceed *in forma pauperis* submitted by Plaintiff he lacks sufficient financial resources to pay the required filing fee. However, Plaintiff is not relieved of the ultimate responsibility of paying the filing fee and, therefore, will be **ASSESSED** the civil filing fee of $250.00. *See* 28 U.S.C. § 1914(a); § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's' inmate trust account;

    or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[1]  *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility wherein Plaintiff is housed, to ensure full compliance with the fee-assessment procedures.

The complaint contains two claims involving denial or delay of medical care. In the first one, Plaintiff alleges a cataract formed in his left eye during his confinement (which began in April 2004) and, when he told Nurse Glenda Farris and Defendants Sheriff Ronnie Burnett, Chris Ross, Mickey Mollcia, and Nurse Wanda Clemons about his condition, they responded he should go see a doctor when he got released. In August 2005, a friend of Plaintiff's wrote Judge Layne concerning the matter; Judge Layne then ordered defendant Sheriff to issue passes to Plaintiff so he could go to Erlanger Eye Center for treatment. The Sheriff complied with the order; Plaintiff went to the Eye Center, where the doctor who treated him informed him he had lost vision in his left eye and, if he had come in sooner, his vision could have been saved.

In his second claim, Plaintiff alleges he has severe pain in his right shoulder from bursitis and Defendant Nurse Clemons has failed to schedule him to see Dr. Brenda Sowter, the jail doctor,

---

[1]  Send the payments to:     Clerk's Office, USDC
                               P. O. Box 591
                               Chattanooga, TN 37401.

as he has requested, but instead, has given him aspirin, which does not decrease the swelling or improve his condition.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies.[2] *See Brown v. Toombs*, 139 F.3d.1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). It is the prisoner's burden to demonstrate he has exhausted those remedies. *See id.* at 1104. Even where money damages are unavailable through the prison grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001); *accord, Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

In his complaint, Plaintiff indicates he submitted grievances, but "no positive action (was) taken on them." Among the exhibits attached to his complaint are copies of two grievances ("Exhibits E and F") dated March 4 and 5, 2005, respectively. In his March 4th grievance, the plaintiff wrote :

> For months I told both nurses I was loosing (sic) vision in my left eye due to cataracts. Nurses told me to see a Dr. when I got out. Finally Judge Layne ordered the sheriff to transport me to (E)rlanger Hosp. for treatment by the time I got to (E)rlanger I lost sight in my left eye I'm entitled to medical care which I was illegally denied by deliberit (sic) indifference by the staff here.

In his March 5th grievance, Plaintiff wrote: "I gave Jail Sgt. Chris Ross whos a notery (sic) a federal court form to notorize (sic) Said form is a indigent inmate account form — Said Sgt. refuses to

---

[2]The statute reads: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available shall be exhausted." 28 U.S.C. § 1997e(a).

3

notorize (sic) form or return it to me." In those grievances, only two of the defendants are identified — Defendant Ross by name and, arguably, Defendant Nurse Clemons by position. There is no grievance concerning the alleged denial of medical care for bursitis in the plaintiff's shoulder.

The Sixth Circuit adheres to the rule of *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), which requires "a prisoner file a grievance against the person he ultimately seeks to sue," *id.* at 505, and to the "mixed complaint" rule[3] of *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), which requires the filing of a grievance concerning every single claim stated in the complaint. *Id.* at 805. Consequently, by failing to name each defendant related to each claim in his grievance and by failing to submit a grievance on each claim raised in his complaint, Plaintiff has failed to satisfy § 1997e(a)'s requirement concerning exhaustion of his administrative remedies. *See Shepard v. Wilkinson*, 2001 WL 1563934, *1 (6th Cir. Dec. 5, 2001) (writing letters to jail officials, in lieu of utilizing an established grievance procedure, is insufficient to show exhaustion).

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] A "mixed" complaint might include: 1) multiple claims against one defendant, 2) one claim against various defendants, or 3) a combination of the two.